UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GILMAR ALEXANDER GUEVARA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. H-08-1604 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

On May 21, 2008, Gilmar Alexander Guevara filed a federal petition for habeas corpus relief. Among other issues, Guevara's petition raises claims that mental retardation prevents his execution under *Atkins v. Virginia*, 122 S. Ct. 2242 (2002) and his trial attorneys provided ineffective assistance. This court ordered Guevara to file any amendment to his federal habeas petition on or before July 23, 2008. (Docket Entry No. 2). Guevara did not amend his federal petition. Instead, Guevara filed two motions seeking to develop the factual record. (Docket Entry Nos. 4 and 5).

Guevara moved for discovery, asking for permission to depose his two trial attorneys, the trial investigator, and his appellate attorney. (Docket Entry No. 4). Guevara also moved for the appointment of a mental-health expert and for an evidentiary hearing on his *Atkins* claim. (Docket Entry No. 5). The respondent objected, arguing that the procedural posture

of Guevara's claims precludes such factual development. The respondent contends that further development is not essential to adjudicate Guevara's claims. (Docket Entry Nos. 6 and 7).

Federal law limits factual development in habeas corpus cases. *See Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) ("If district courts were required to allow federal habeas applicants to develop even the most insubstantial factual allegations in evidentiary hearings, district courts would be forced to reopen factual disputes that were conclusively resolved in the state courts."). Habeas review disfavors factual development of claims for the first time in federal court. "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 120 S. Ct. 1479, 1491 (2000). A habeas court cannot authorize factual development into claims that a petitioner does not present in a procedurally adequate manner. *See Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004); *Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir.1997).

**I.      The Motion Seeking Further Factual Development of the *Atkins* Claim**

Guevara claims that mental retardation precludes his execution. Guevara did not raise this claim in his initial state habeas application. Guevara did attempt to raise the *Atkins* claim late in the state habeas process. The state habeas court followed TEX. CODE CRIM. PRO. art 11.071 §4 and construed this new claim as a successive habeas application. The Court of Criminal Appeals found that Guevara did not meet any exception to the prohibition in TEX. CODE CRIM. PRO. art 11.071, §5, against successive habeas applications. Guevara must make

a sufficient showing to overcome this procedural bar. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 734 n.1 (1991)). This procedural bar also prevents this court from authorizing the factual development Guevara seeks. *See Landrigan*, 127 S. Ct. at 1940; *Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir. 1997). Guevara has not shown that this court may reach the merits of his *Atkins* claim or that factual development is available on his *Atkins* claim.

Additionally, Guevara has not shown that appointing an expert besides the mental-health experts previously engaged is necessary to develop his *Atkins* claim. Statutory law limits the appointment of experts in capital habeas cases. This court may authorize a habeas petitioner to obtain expert assistance only on a showing that federal funds are "reasonably necessary" for the development of the habeas claim. 18 U.S.C. § 3599(f). Guevara has not yet met the statutory standard.

On state habeas review, an expert apparently performed extensive testing on Guevara. This expert reviewed Guevara's history and concluded that he suffered from mental retardation. Guevara acknowledges that he "did have an expert at the State level" but argues that this appointed expert "was not an expert in the language from El Salvador, nor was he able to fully and completely work with Mr. Guevara regarding his claim." (Docket Entry No. 5 at 2). The respondent, however, points out that the state habeas court appointed a mental-health expert who was fluent in Spanish and who conducted a thorough investigation into Guevara's possible retardation.

On the limited record now before the court, Guevara has not shown why the appointment of a new, additional expert is "reasonably necessary." Guevara has not shown that the finding of mental retardation inadequately measured Guevara's mental capacity. Guevara has not shown that the appointment of a new expert is essential to the adjudication of his claim.[1]

## II.   The Motion Seeking Further Factual Development of the Ineffective-Assistance Claim

Guevara claims that his trial attorneys provided ineffective representation. Guevara asks this court to allow him to depose his trial attorneys, presumably in preparation for a later evidentiary hearing. Guevara's attorneys provided detailed affidavits in state court. The limited record before the court does not show a deficiency in the affidavits that would require further factual development, particularly given that any state fact-findings based on those affidavits are presumed correct on federal review. *See* 28 U.S.C. § 2254(e)(1).

## III.   Conclusion

Guevara has not yet shown that the additional factual development he seeks is essential to the adjudication of his federal habeas claims. The court, however, will deny Guevara's pending motions without prejudice and allow him to reassert the motions if additional development of the record supports his requests.

---

[1]   Federal law limits a state inmate's entitlement to an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). Based on his tardy introduction of that claim on state habeas review, the respondent also argues that Guevara did not diligently pursue development of his *Atkins* claim in state court, preventing a federal evidentiary hearing. Guevara has not yet shown that he did not "fail[] to develop the factual basis of [his] claim in [the] State court proceedings[.]" 28 U.S.C. § 2254(e)(2).

Guevara did not file an amendment to his federal habeas petition. Guevara asks for time "to prepare his mental retardation issue" with his expert and "adequate time for the State to respond." (Docket Entry No. 5 at 5). The court construes this as a request to extend the time to amend the petition. Guevara must file any amendment to his federal petition no later than **October 10, 2008**. The motions for factual development are denied without prejudice.

SIGNED on September 17, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge