IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GILMAR ALEXANDER GUEVARA,** § § | |
| Petitioner, § § § | |
| -VS- § § § | CIVIL NO. 4:08-cv-01604 |
| § § | *CAPITAL CASE* |
| § § | |
| **RICK THALER**, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § § | |
| Respondent. § | |

_____

**UNOPPOSED MOTION FOR SUPPLEMENTAL BRIEFING ON HOW**
***MARTINEZ V. RYAN* IMPACTS COURT'S IMPOSITION OF PROCEDURAL
DEFAULT TO MR. GUEVARA'S *STRICKLAND* CLAIM**

Mr. Guevara requests that this Court reconsider its previous orders denying Mr. Guevara's *Strickland* claim that trial counsel were ineffective for failing to conduct a reasonable sentencing investigation in light of the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

**I.     Background.**

In his petition for a writ of habeas corpus before this Court, Mr. Guevara alleged that trial counsel were ineffective for failing to conduct a reasonable sentencing investigation and that Mr. Guevara was prejudiced by his counsel's failure to discover evidence of Mr. Guevara's traumatic and impoverished childhood in El Salvador, including his experience of the El Salvadoran civil war; of his difficulty adjusting as an immigrant to life in America without his parents; of his

1

suffering from both Post Traumatic Stress Disorder and immigrant trauma; and of his mental retardation. Petition for Writ of Habeas Corpus at 29-65.

In this Court's interim order denying Mr. Guevara's *Strickland* claim, the Court did not review Mr. Guevara's full *Strickland* claim, but only reviewed a partial *Strickland* claim. Specifically, the Court excised from its review of Mr. Guevara's *Strickland* claim allegations related to Mr. Guevara's mental retardation. *See* Memorandum and Order at 23 n.15 (holding that "a valid procedural bar forecloses review on the merits" of Mr. Guevara's expanded *Strickland* claim). The Court, in effect, held that the allegations regarding Mr. Guevara's mental retardation fundamentally altered the *Strickland* claim regarding counsel's failure to conduct a reasonable sentencing investigation that had been presented to the state court in Mr. Guevara's initial state habeas application such that the expanded *Strickland* claim was a wholly new and different claim that was procedurally defaulted when the state court dismissed it as an abuse of the writ.[1]

That Mr. Guevara's expanded *Strickland* claim was treated as a different claim from his partial *Strickland* claim as a result of the additional allegations follows directly from the Court's holding. If Mr. Guevara's additional allegations related to his mental retardation only supplemented, but did not fundamentally alter, the *Strickland* claim presented in Mr. Guevara's initial state habeas corpus application, then the full *Strickland* claim would have had to have been considered exhausted in his initial state habeas corpus application and adjudicated on the merits by the state court.[2] *See, e.g.*, *Morris v. Dretke*, 413 F.3d 484, 495 (5th Cir. 2005). The

---

[1] Unlike the *Atkins* claim, the court reasoned that the state court did not pass on the merits of Mr. Guevara's full *Strickland* claim in dismissing it. Memorandum and Order at 23 n.15.

[2] This is so notwithstanding the state court's dismissal of Mr. Guevara's subsequent application as an abuse of the writ. If Mr. Guevara's additional allegations regarding mental retardation did not render the claim a different claim, then the state court merely dismissed the

2

Court, however, imposed a procedural default on the expanded *Strickland* claim that included the allegations related to Mr. Guevara's mental retardation. Memorandum and Order at 23 n.15

## II. *Martinez v. Ryan* Affects the Court's Order Imposing Procedural Default on Mr. Guevara's Expanded *Strickland* Claim.

On March 20, 2012, after this Court imposed a procedural default on Mr. Guevara's expanded *Strickland* claim, the Supreme Court held that an attorney's errors in state post-conviction proceedings can constitute cause excusing the procedural default of a claim of ineffective assistance of trial counsel, if state habeas corpus proceedings provided the first meaningful opportunity to raise and adjudicate such a claim. *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The *Martinez* decision announced federal law that is applicable to the instant proceedings. *See Gonzalez v. Crosby*, 545 US 524, 536 (2005) (Supreme Court's decisions "apply to all cases then pending on direct review"); *Harper v. Virginia Dept. of Taxation*, 509 US 86, 96 (1993) ("[A] rule of federal law, once announced and applied to the parties to the controversy, must be given full retroactive effect by all courts adjudicating federal law.").

This Court's application of a procedural default to Mr. Guevara's expanded *Strickland* claim implicates the *Martinez* decision.[3] Mr. Guevara requests the opportunity to establish cause under *Martinez* for any procedural default of his full *Strickland* claim. Should he be able to

---

same claim it previously adjudicated. Such dismissals do not create procedural defaults. *See Cone v. Bell*, 556 U.S. 449 (2009). Only by conceiving of Mr. Guevara's expanded *Strickland* claim as a new, separate claim could the state court's dismissal as an abuse of the writ have created a procedural default.

[3] While recognizing these implications, Mr. Guevara does not waive his contention that his expanded *Strickland* claim does not, in fact, fundamentally alter the *Strickland* claim as presented in his initial state habeas corpus application and is not procedurally defaulted.

3

establish cause for procedural default, then this Court may review Mr. Guevara's expanded *Strickland* claim free from the constraints of 28 U.S.C. § 2254(d).[4]

## CONCLUSION

For these reasons, the Court should issue a briefing schedule to permit the parties an opportunity to brief (1) whether Mr. Guevara can establish cause under *Martinez* for any procedural default of his expanded *Strickland* claim; (2) how this Court should resolve whether cause for procedural default exists; and (3) if cause is established, how this Court should proceed to review Mr. Guevara's expanded *Strickland* claim.

A proposed scheduling order is attached for the Court's convenience.

Respectfully submitted,

/s/ Laura Ferry

Thomas S. Berg
Texas Bar No. 02189200
600 Travis Street, Suite 1900
Houston, TX 77208-1508
Tel. (713) 236-1900
Fax (713) 228-0321

Laura Ferry
Texas Bar No. 24069715
TEXAS DEFENDER SERVICE
510 S. Congress Ave., Suite 403
Austin, TX 78704
Tel. (512) 320-8300
Fax (512) 477-2153

---

[4] Section 2254(d) only applies to claims that have been adjudicated on the merits by the state court. 28 U.S.C. § 2254(d). Because the state court dismissed Mr. Guevara's expanded *Strickland* claim as an abuse of the writ, the state court has not adjudicated its merits and Section 2254(d) will not apply. Accordingly, should Mr. Guevara's claim warrant relief, the Court will be empowered to grant relief without regard to the reasonableness of any state court decision.

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Respondent, Katherine D. Hayes. Respondent does not oppose the motion, but also does not concede that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), has any applicability to this case.

/s/ Laura Ferry
Laura Ferry

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2012, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. District Court, Southern District of Texas. The ECF system sent a "Notice of Electronic Filing" to counsel for Respondent:

KATHERINE D. HAYES
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, TX  78711
Katherine.hayes@oag.state.tx.us

/s/ Laura Ferry
Laura Ferry

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GILMAR ALEXANDER GUEVARA,** | § § § | |
| Petitioner, | § § § | |
| -VS- | § § | CIVIL NO. 4:08-cv-01604 |
| | § § | *CAPITAL CASE* |
| | § § | |
| **RICK THALER**, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

_____

## ORDER

Upon consideration of the Petitioner's Motion for Supplemental Briefing on How *Martinez v. Ryan* Impacts Court's Imposition of Procedural Default to Mr. Guevara's *Strickland* Claim, it is hereby ordered that the motion shall be **GRANTED**.  Petitioner shall file a brief addressing (1) whether Mr. Guevara can establish cause under *Martinez* for any procedural default of his expanded *Strickland* claim; (2) how this Court should resolve whether cause for procedural default exists; and (3) if cause is established, how this Court should proceed to review Mr. Guevara's expanded *Strickland* claim within 60 days of the entry of this order.  Respondent shall file a reply within 45 days of receipt of Petitioner's brief.  Petitioner may file a response within 30 days of receipt of Respondent's brief.

SIGNED this ____ day of _____, 2012.

_____
LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE

1