IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GILMAR ALEXANDER GUEVARA, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL CASE NO. 08-1604 |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## ORDER

On September 25, 2012, the court entered a Memorandum and Order denying Gilmar Alexander Guevara's petition for a writ of habeas corpus. (Docket Entry No. 48). Guevara filed a timely Motion to Alter or Amend Judgment under FED. R. CIV. P. 59(e). (Docket Entry No. 50). Guevara's motion argues that the court erred in its legal analysis of his claims based on *Atkins v. Virginia*, 536 U.S. 304 (2002) and *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The respondent opposes Guevara's motion, and Guevara has filed a reply. (Docket Entry Nos. 53-55).

A Rule 59(e) motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" but cannot "raise arguments which could, and should, have been made before the judgment issued" or "argue a case under a new legal theory." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)); *see also Dial One of the Mid-South, Inc. v. BellSouth*

*Telecommunications, Inc.*, 401 F.3d 603, 606-07 (5th Cir. 2005); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

Guevara's Rule 59(e) motion does not present new evidence or new law. Instead, Guevara argues that the court misapplied the law, particularly relating to his *Atkins* and *Strickland* claims. Before the entry of judgment, the parties had, and took, repeated opportunities to brief the relevant issues. Through several orders, this court has already extensively discussed the factual and legal issues in this case. Guevara's claims have required the court to resolve legal matters of first impression and make difficult decisions about important constitutional issues. Guevara argues that the court made manifest errors in its decisions.

"Manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004). This court has carefully reviewed the record, the pleadings, and the relevant law. This court's postjudgment review shows no manifest error. Instead, this court applied governing legal authority in a manner consistent with precedent, particularly the Anti-Terrorism and Effective Death Penalty Act. While Guevara disagrees with the resolution of his claims, he has not shown a manifest error of law or fact in the court's judgment. Instead, his Rule 59(e) motion underscores the difficulty of the legal issues this case raises.

Guevara's Rule 59(e) motion is denied.

SIGNED on December 19, 2012, at Houston, Texas.

                                              Lee H. Rosenthal
                                      United States District Judge